**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: NEXGEN CAPITAL PARTNERS, LLC | § Case No. 12-09316 |
| | § |
| | § |
| Debtor(s) | § |

# TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on March 09, 2012. The undersigned trustee was appointed on May 30, 2012.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4. The trustee realized the gross receipts of        $         7,500.00

    Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim distribution | 0.00 |
| Administrative expenses | 6.51 |
| Bank service fees | 63.70 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of [1]    $ | 7,429.79 |

The remaining funds are available for distribution.

    5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6. The deadline for filing non-governmental claims in this case was 11/29/2013 and the deadline for filing governmental claims was 09/05/2012. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $1,500.00. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $646.38, for a total compensation of $646.38.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $0.00, for total expenses of $0.00.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 02/24/2014      By: /s/NORMAN NEWMAN
                          Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 12-09316  
**Case Name:** NEXGEN CAPITAL PARTNERS, LLC

**Trustee:** (330270) NORMAN NEWMAN  
**Filed (f) or Converted (c):** 03/09/12 (f)  
**§341(a) Meeting Date:** 09/20/12

**Period Ending:** 02/24/14

**Claims Bar Date:** 11/29/13

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | BROKERAGE ACCOUNT | 109.79 | 109.79 | | 109.79 | FA |
| 2 | STOCK & INTEREST-NEXGEN CAPITAL ADVISORS, LLC<br>  Abandon pursuant to Order entered on 8/29/13. | 0.00 | 0.00 | OA | 0.00 | FA |
| 3 | STOCK & INTEREST-NEXGEN CAPITAL INVESTORS, LLC<br>  Abandon pursuant to Order entered on 8/29/13. | 0.00 | 0.00 | OA | 0.00 | FA |
| 4 | STOCK & INTEREST-NEXGEN CAPITAL CONSULTANTS, LLC<br>  Abandon pursuant to Order entered on 8/29/13. | 0.00 | 0.00 | OA | 0.00 | FA |
| 5 | STOCK & INTEREST-NEXGEN CAPITAL VENTURES, LLC<br>  Abandon pursuant to Order entered on 8/29/13. | 0.00 | 0.00 | OA | 0.00 | FA |
| 6 | STOCK & INTEREST-NEXGEN CAPITAL PARTNERS, LLC<br>  Abandon pursuant to Order entered on 8/29/13. | 0.00 | 0.00 | OA | 0.00 | FA |
| 7 | PROMISSORY NOTE | 3,107.69 | 3,107.69 | | 3,107.69 | FA |
| 8 | Trustee's Chp. 5 fraudulent/prefrential claims  (u) | 0.00 | Unknown | | 4,282.52 | FA |
| 8 | **Assets    Totals** (Excluding unknown values) | **$3,217.48** | **$3,217.48** | | **$7,500.00** | **$0.00** |

**Major Activities Affecting Case Closing:**

This was a involuntary Chapter 7 case.  Reviewed financial reports, license agreements and pre-petition business activities.  Awaiting possible offer from former principal for Trustee's interest in all assets.  Filing motion to approve sale of assets to related entity.

**Initial Projected Date Of Final Report (TFR):**    May 31, 2013            **Current Projected Date Of Final Report (TFR):**    February 28, 2014

Exhibit B

# Form 2

## Cash Receipts And Disbursements Record

Page: 1

**Case Number:** 12-09316  
**Case Name:** NEXGEN CAPITAL PARTNERS, LLC  

**Taxpayer ID #:** **-***3985  
**Period Ending:** 02/24/14  

**Trustee:** NORMAN NEWMAN (330270)  
**Bank Name:** ASSOCIATED BANK  
**Account:** ********35 - Checking Account  
**Blanket Bond:** $5,000,000.00 (per case limit)  
**Separate Bond:** N/A  

| 1 Trans. Date | 2 {Ref #} / Check # | 3 Paid To / Received From | 4 Description of Transaction | | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Checking Account Balance |
|---|---|---|---|---|---|---|---|---|
| 08/14/13 | | NEXGEN HOLDINGS LLC | | | | 7,500.00 | | 7,500.00 |
| | {1} | | Brokerage Account | 109.79 | 1129-000 | | | 7,500.00 |
| | {7} | | Promissory Note | 3,107.69 | 1129-000 | | | 7,500.00 |
| | {8} | | Chapter 5 claims | 4,282.52 | 1249-000 | | | 7,500.00 |
| 09/09/13 | | ASSOCIATED BANK | BANK SERVICE FEE | | 2600-000 | | 10.00 | 7,490.00 |
| 10/07/13 | | ASSOCIATED BANK | BANK SERVICE FEE | | 2600-000 | | 10.78 | 7,479.22 |
| 11/07/13 | | ASSOCIATED BANK | BANK SERVICE FEE | | 2600-000 | | 11.12 | 7,468.10 |
| 12/09/13 | | ASSOCIATED BANK | BANK SERVICE FEE | | 2600-000 | | 10.74 | 7,457.36 |
| 12/13/13 | | ASSOCIATED BANK | TRANSFER TO RABOBANK, N.A. | | 9999-000 | | 7,457.36 | 0.00 |
| | | | **ACCOUNT TOTALS** | | | 7,500.00 | 7,500.00 | $0.00 |
| | | | Less: Bank Transfers | | | 0.00 | 7,457.36 | |
| | | | **Subtotal** | | | 7,500.00 | 42.64 | |
| | | | Less: Payments to Debtors | | | | 0.00 | |
| | | | **NET Receipts / Disbursements** | | | **$7,500.00** | **$42.64** | |

{} Asset reference(s)    Printed: 02/24/2014 03:25 PM    V.13.14

Exhibit B

# Form 2

## Cash Receipts And Disbursements Record

Page: 2

| Case Number: | 12-09316 | | Trustee: | NORMAN NEWMAN (330270) |
|---|---|---|---|---|
| Case Name: | NEXGEN CAPITAL PARTNERS, LLC | | Bank Name: | RABOBANK, N.A. |
| | | | Account: | ****111166 - Checking Account |
| Taxpayer ID #: | **-***3985 | | Blanket Bond: | $5,000,000.00 (per case limit) |
| Period Ending: | 02/24/14 | | Separate Bond: | N/A |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Trans. Date | {Ref #} / Check # | Paid To / Received From | Description of Transaction | T-Code | Receipts $ | Disbursements $ | Checking Account Balance |
| 12/13/13 | | RABOBANK, N.A. | TRANSFER FROM ASSOCIATED BANK | 9999-000 | 7,457.36 | | 7,457.36 |
| 12/31/13 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 10.00 | 7,447.36 |
| 01/31/14 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 11.06 | 7,436.30 |
| 02/10/14 | 10101 | INTERNATIONAL SURETIES, LTD. | BOND PREMIUM PAYMENT ON LEDGER BALANCE AS OF 02/10/2014 FOR CASE #12-09316, Bond #016026455 | 2300-000 | | 6.51 | 7,429.79 |
| | | | ACCOUNT TOTALS | | 7,457.36 | 27.57 | $7,429.79 |
| | | | Less: Bank Transfers | | 7,457.36 | 0.00 | |
| | | | **Subtotal** | | **0.00** | **27.57** | |
| | | | Less: Payments to Debtors | | | 0.00 | |
| | | | **NET Receipts / Disbursements** | | **$0.00** | **$27.57** | |

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| Checking # ********35 | 7,500.00 | 42.64 | 0.00 |
| Checking # ****111166 | 0.00 | 27.57 | 7,429.79 |
| | $7,500.00 | $70.21 | $7,429.79 |

{} Asset reference(s)   Printed: 02/24/2014 03:25 PM    V.13.14

Exhibit C

# STATEMENT AS TO ADMINISTRATIVE INSOLVENCY

The total amount of compensation and expense reimbursement requested by the Trustee and the Trustee's attorneys exceeds the amount on hand in this estate. This case was commenced by the filing of an Involuntary Chapter 7 Petition which was contested by the Debtor's principal for approximately 60 days.

The Trustee and his attorneys investigated allegations made by the petitioning creditors that the Debtor's principal, and non-debtor entities in which he held an interest, received preferential payments and transfers of personal property on account of antecedent debt. The Trustee also investigated the alleged improper pre-petition termination by the Debtor's principal of a license he granted to the Debtor to utilize certain intellectual property. Significant time was expended by the Trustee's attorneys reviewing various license agreements and patent applications. It turned out that none of the patent applications were granted and thus, the Debtor did not own any Intellectual Property Assets.

The Trustee was unable to find anyone interested in purchasing the Debtor's assets. Ultimately, the Trustee sold certain assets to the Debtor's former principal for $7,500.00. Only one creditor filed a proof of claim in this case, DLA Piper (US) in the amount of $175,309.64. The Trustee is willing to pay the claimant $1,000.00 on account of its claim.

**TRUSTEE'S PROPOSED DISTRIBUTION**

Exhibit D

Case No.: 12-09316
Case Name: NEXGEN CAPITAL PARTNERS, LLC
Trustee Name: NORMAN NEWMAN

**Balance on hand:**  $ 7,429.79

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| None | | | | | |

Total to be paid to secured creditors:  $ 0.00
Remaining balance:  $ 7,429.79

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - NORMAN B. NEWMAN, TRUSTEE | 1,500.00 | 0.00 | 646.38 |
| Attorney for Trustee, Fees - MUCH SHELIST, P.C. | 13,366.50 | 0.00 | 5,759.88 |
| Attorney for Trustee, Expenses - MUCH SHELIST, P.C. | 54.60 | 0.00 | 23.53 |

Total to be paid for chapter 7 administration expenses:  $ 6,429.79
Remaining balance:  $ 1,000.00

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses:  $ 0.00
Remaining balance:  $ 1,000.00

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

**UST Form 101-7-TFR (05/1/2011)**

| | | |
|---|---|---|
| Total to be paid for priority claims: | $ | 0.00 |
| Remaining balance: | $ | 1,000.00 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 175,309.64 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.6 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | DLA Piper LLP (US) | 175,309.64 | 0.00 | 1,000.00 |

| | | |
|---|---|---|
| Total to be paid for timely general unsecured claims: | $ | 1,000.00 |
| Remaining balance: | $ | 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

| | | |
|---|---|---|
| Total to be paid for tardy general unsecured claims: | $ | 0.00 |
| Remaining balance: | $ | 0.00 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

| | | |
|---|---|---|
| Total to be paid for subordinated claims: | $ | 0.00 |
| Remaining balance: | $ | 0.00 |

**UST Form 101-7-TFR (05/1/2011)**

**UST Form 101-7-TFR (05/1/2011)**