**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-09316 |
| | ) | Chapter 7 |
| NEXGEN CAPITAL PARTNERS, LLC, | ) | Honorable Pamela Hollis |
| | ) | Hearing Date: Tues., April 8, 2013 |
| Debtor. | ) | @ 10:30 a.m. |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on **Tuesday, April 8, 2013** at **10:30 a.m.**, or as soon thereafter as may be possible, we shall appear before the **Honorable Pamela Hollis** or any other Judge sitting in her stead, in **Courtroom 644**, of the Dirksen Federal Building, 219 South Dearborn, in Chicago, Illinois, and shall then and there present the attached **Application of Trustee's Attorneys for the Allowance of Final Compensation and Reimbursement of Expenses,** a copy of which is hereby served upon you.

/s/ Norman B. Newman
Norman B. Newman, Trustee


Norman B. Newman, ARDC No. 02045427
**MUCH SHELIST, P.C.**
191 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
Telephone: 312.521.2000
Facsimile:  312.521.2100

## CERTIFICATE OF SERVICE

Norman B. Newman, an attorney, hereby certifies that on March 11, 2014, he electronically filed this Application for Compensation with the Clerk of the Court via the Court's CM/ECF system which will send electronic notification to those individuals registered to receive notice.

/s/Norman B. Newman

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-09316 |
| | ) | Chapter 7 |
| NEXGEN CAPITAL PARTNERS, LLC, | ) | Honorable Pamela Hollis |
| | ) | |
| Debtor. | ) | |

**APPLICATION OF TRUSTEE'S ATTORNEYS FOR THE
ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Much Shelist, P.C. ("Much Shelist"), attorneys for Norman B. Newman, not individually but solely as the Chapter 7 Trustee herein (the "Trustee"), moves this Court, pursuant to Sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016, for the allowance of final compensation and reimbursement of expenses for services rendered during the period June 4, 2012 through February 28, 2014. In support of this Application, Much Shelist respectfully states as follows:

1. On March 9, 2012, an Involuntary Petition for Relief was filed against NexGen Capital Partners, LLC (the "Debtor"), under Chapter 7 of Title 11 of the Bankruptcy Code.

2. On May 17, 2012, this Court entered an Order for Relief against the Debtor under Chapter 7. The Trustee was subsequently appointed, qualified and continues to serve as Trustee in this case.

3. On June 14, 2012, this Court entered an Order authorizing the Trustee to employ Much Shelist as his attorneys in this case. This application includes legal services rendered by the Trustee. Mr. Newman has taken care to distinguish his legal services from his Trustee services. Attached hereto as Exhibit "A" is an itemization of Mr. Newman's Trustee services.

4. Other than as permitted under Section 504 of the Bankruptcy Code, Much Shelist has no agreement with any person or firm whatsoever with regard to its compensation in this

case. To date, Much Shelist has received no amount whatsoever for services it has rendered in this case.

5.  Much Shelist provided 22.80 hours of services on behalf of Trustee during the time period covered by this application. The following is a summary of time expended, by individual, during the time period covered by this application:

| Attorney | Hours Expended | Hourly Rate | Amount |
| --- | --- | --- | --- |
| Norman B. Newman | 19.70 hrs. | $601.86/hr.* | $11,856.50 |
| Jeffrey M. Schwartz | .50 hrs. | $550.00/hr. | 275.00 |
| James P. Hanrath | 2.60 hrs. | $475.00/hr. | 1,235.00 |
|  |  |  |  |
| **TOTAL** | **22.80 hrs.** |  | **$13,366.50** |

*During the time period covered by this application, the hourly rates of some of the individuals who provided services changed. The hourly rate reflected is an average rate.

6.  Attached hereto as Exhibit "B" is a statement of legal services rendered. The services are listed chronologically and are separated by activity. Certain time entries could have been listed under a different activity, but there is no duplication of time entries. The services were rendered in connection with and in furtherance of assisting the Trustee in the performance of his duties as delineated by §704 of the Bankruptcy Code. This application complies with the standards enunciated in *In re Continental Securities Litigation*, 572 F. Supp. 931 (N.D. Ill. 1983) modified 692 F.2d 766 (7th Cir. 1992).

7.  At all times relevant hereto, Much Shelist provided legal services in the most efficient and cost effective manner. Much Shelist's goal was to obtain a positive resolution of the matter at hand, while in the process minimizing the costs to the estate.

8.  During the time period covered by this application, Much Shelist's attorneys have provided services to the Trustee with respect to the following matters:

A.  **General Administration (Tab No. B-1):**  A total of 11.60 hours of General Administrative Services were provided by Much Shelist during the time period covered by this

application.  As previously stated, this case was commenced by the filing of an involuntary petition for relief against the Debtor.  During the two month period between the filing of the petition and the entry of an Order for relief against the Debtor under Chapter 7, the parties were involved in litigating the merits of the petition.  Much Shelist was involved in telephonic and written communications with counsel for the petitioning creditors and counsel for the Debtor in order to obtain background information as to the nature of the litigation, the Debtor's operations and organization, assets and liabilities and potential claims against the Debtor's former principal.  Counsel also spoke with one of the petitioning creditors, former employees of the Debtor and engaged in a conference call with the Debtor's counsel and the Debtor's former principal with respect to documents needed by the Trustee in order to administer this estate.

Again, because this case was initiated by the filing of an involuntary petition, the Debtor had not prepared Schedules or a Statement of Financial Affairs.  Much Shelist, working with the Debtor's attorney, was able to persuade the Debtor's former principal to prepare necessary Schedules and a Statement of Financial Affairs.

Among the assets scheduled by the Debtor was a Promissory Note executed in the Debtor's favor by a former employee.  The amount of the Promissory Note was approximately $3,100.00.  The Debtor was also a party to a license agreement with Debtor's former principal with respect to the use of certain intellectual property assets.  The Debtor had also filed certain provisional patent applications and utility patent applications.  Much Shelist was involved in reviewing the various patent applications and license applications. It turned out that the Debtor's former principal terminated his license agreements with the Debtor pre-petition.  Based on a search conducted by Much Shelist, the Trustee determined that none of the patent applications submitted by the Debtor had been granted.

4

The attorneys who provided General Administrative services to the Trustee and the time expended by them are as follows:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 9.00 hrs. | $595.33/hr.* | $5,358.00 |
| James P. Hanrath | 2.60 hrs. | $475.00/hr. | 1,235.00 |
| | | | |
| TOTAL | 11.60 hrs. | | $6,593.00 |

B.  **Employment of Professionals (Tab B-2)**: A total of 1.60 hours of time was expended by Much Shelist with the preparation of pleadings and an appearance in Court on Trustee's Motion to Employ Attorneys. The individuals who provided services in connection with the Trustee's employment of attorneys and the time expended by them are as follows:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 1.10 hrs. | $595.00/hr. | $654.50 |
| Jeffrey M. Schwartz | .50 hrs. | $550.00/hr. | 275.00 |
| | | | |
| TOTAL: | 1.60 hrs. | | $929.50 |

C.  **Disposition of Assets (Tab B-3)**: A total of 7.30 hours of time was expended by Much Shelist in connection with the disposition of the assets of this estate. The Debtor's assets consisted of a brokerage account with Merrill, Lynch, Pierce, Fenner, & Smith, Inc. in the amount of approximately $110.00; stock and interests in various incorporated and unincorporated businesses; a Promissory Note from a former employee in the approximate amount of $3,100.00 and possible avoidance actions against the Debtor's former principal.

The Trustee spoke with counsel for the petitioning creditors to ascertain if any of the petitioning creditors or other individuals known to them might be interested in making an offer to purchase the Debtor's assets. The Debtor's schedules ascribed a zero value for the Debtor's

5

ownership interests in various incorporated and unincorporated businesses. The Trustee was unable to find any disinterested party who was willing to make an offer for the Debtor's assets.

Counsel was engaged in numerous telephone conferences and written communications with the attorney representing the Debtor's former principal with respect to an offer for the Debtor's assets. The Trustee was ultimately able to sell the assets of this estate, excluding the stock and interests of this estate in incorporated and unincorporated businesses to Debtor's former principal for the sum of $7,500.00.

Thereafter, counsel prepared a motion on behalf of Trustee for authorization to abandon the remaining property of the estate not sold to the Debtor's former principal.

A summary of the time expended in connection with the Disposition of Assets is provided below.

| Attorney | Hours Expended | Hourly Rate | Amount |
| --- | --- | --- | --- |
| Norman B. Newman | 7.30 hrs. | $603.63/hr.* | $4,406.50 |
|  |  |  |  |
| **TOTAL:** | **7.30 hrs.** |  | **$4,406.50** |

*During the time period covered by this application, the hourly rates of some of the individuals who provided services changed. The hourly rate reflected is an average rate.

**D.** **Fee Related Matters (Tab B-4)**: Much Shelist expended 2.30 hrs. preparing this final fee application to compensate the Trustee's attorneys. The attorney who provided services in this category and the time expended by him is as follows:

| Attorney | Hours Expended | Hourly Rate | Amount |
| --- | --- | --- | --- |
| Norman B. Newman | 2.30 hrs. | $625.00/hr. | $1,437.50 |
|  |  |  |  |
| **TOTAL:** | **2.30 hrs.** |  | **$1,437.50** |

9. During the time period covered by this Application, Much Shelist incurred out-of-pocket expenses in the amount of $54.60. Attached hereto as Exhibit "C" is an itemization of

6

Much Shelist's out-of-pocket expenses. Much Shelist asserts that these out-of-pocket expenses were reasonable in its representation of the Trustee.

10. The services rendered by Much Shelist as the Trustee's attorney have resulted in a substantial benefit to the Trustee and to the creditors of this estate. By reason of the foregoing, Much Shelist states that it is entitled to a final award of compensation and reimbursement of out-of-pocket expenses for services rendered to the Trustee in this matter.

Much Shelist recognizes that there are insufficient funds on hand in this estate to enable the Trustee to pay the full value of the services rendered by Much Shelist. Despite notice to all creditors of the claims bar date, only one creditor, namely DLA Piper LLP (US) filed a proof of claim in this case. The amount of the claim was $175,309.64. Trustee proposes to pay Much Shelist all amounts on hand in this estate less the sum of $1,000.00, which the Trustee will distribute to the lone claimant.

**WHEREFORE**, Much Shelist, P.C. respectfully requests that this Court enter an Order as follows:

1. Granting this Application and awarding Much Shelist final compensation in the amount of $13,366.50 plus reimbursement of out-of-pocket expenses in the amount of $54.60 for services rendered during the period June 4, 2012 through February 18, 2014;

2. Authorizing the Trustee to pay Much Shelist the compensation awarded forthwith as a Chapter 7 expense of administration of this estate; and

3. Granting such other and further relief as this Court deems just and appropriate.

**Much Shelist, P.C.**

By: /s/ Norman B. Newman
One of Its Attorneys

Norman B. Newman (Atty. ID# 02045427)
**Much Shelist, P.C.**
191 N. Wacker Drive, Suite 1800
Chicago, IL 60606
312-521-2000

8

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-09316 |
| | ) | Chapter 7 |
| NEXGEN CAPITAL PARTNERS, LLC, | ) | Honorable Pamela Hollis |
| | ) | |
| Debtor. | ) | |

**COVER SHEET FOR APPLICATION FOR PROFESSIONAL SERVICES**

| | |
|---|---|
| Name of Applicant: | Much Shelist, P.C. |
| Authorized to provide professional services to: | Norman B. Newman, Chapter 7 Trustee |
| Date of Order Authorizing Employment: | June 14, 2012 |
| Period for which compensation is sought: | 06/04/12 through 2/28/14 |
| Amount of fees sought: | $13,366.50 |
| Amount of expense reimbursement sought: | $54.60 |
| Retainer previously received: | $0.00 |

This is a(n):   Interim Application ___   Final Application __X__

Prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
| | | | | |

    The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $0.00

Dated: 3/11/14                                       **MUCH SHELIST, P.C.**

                                                       By: /s/Norman B. Newman

4717555_1

9